## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| RACHEL CORBITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv1096-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*., Rachel Corbitt ("Corbitt") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision.   When the Appeals Council rejected review,  the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court AFFIRMS THE COMMISSIONER'S decision.

## I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.    The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

 The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Corbitt, age 42 at the time of the hearing, has a high school education.  Corbitt's past

work experience includes employment as an office assistant/cashier in a grocery store.  She did not engage in substantial gainful work activity at any time relevant to her application period.  Her disability application documents claim she became disabled on January 1, 1995 due to major depressive disorder and Hepatitis C.  The ALJ found Corbitt did not have a severe impairment on her date last insured, and was therefore not entitled to disability benefits under the Act.

### III.  ISSUES

Corbitt raises three issues for judicial review:[1]

1.      Whether the ALJ erred in finding Corbitt was not impaired as of her date last insured.

2.      Whether the ALJ erred in discounting the opinion of Corbitt's treating psychiatrist.

3.      Whether the ALJ erred by not applying SSR 83-20.

### IV.  DISCUSSION

### 1.      The ALJ did not err in finding Corbitt was not impaired as of December

---

[1]*See* Plaintiff's Brief ("Pl. Br.") at 10 (Doc. #12, filed June 4, 2007) *and* Order filed January 24, 2007 (Doc. #3) (directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

_____31, 1995.

Corbitt argues the ALJ erred by finding her unimpaired through her date last insured. The Commissioner responds Corbitt failed to establish a severe impairment as of that date. The ALJ determined the operative date in Corbitt's case is December 31, 1995.[2]

Corbitt's application alleged disability as of January 1, 1995.[3]  Corbitt would then, have to establish a severe impairment between this date and her date last insured, December 31, 1995.[4]  Medical records showed Corbitt was diagnosed with Major Depressive Disorder in May, 1990, five years prior to her alleged onset date.[5]  The ALJ noted the treatment records after the 1990 diagnosis showed Corbitt's progress on medication with continued appointments for follow-up evaluation.[6]  Only one of these appointments for mental health care took place between the alleged onset date (January 1, 1995), and date last insured (December 31, 1995).[7]  An appointment on August 29, 1995, was the only recorded treatment for Corbitt's mental health during 1995.  The ALJ saw Corbitt was prescribed medication, but records did not reflect a diagnosis, therapy, or hospitalization.[8]  The ALJ found the single

---

[2]R. at 15.

[3]R. at 66.

[4]R. at 15.

[5]R. at 18.

[6]R. at 18.

[7]R. at 18.

[8]R. at 18.

appointment and prescription for medication did "not support the existence of a severe impairment during the relevant period, January 1995 to December 1995."[9] Thus, Corbitt had not established the existence of a severe impairment on or before the relevant date.

The court agrees the ALJ's decision is supported by the record.  The five-step sequential analysis set forth in regulations require that a claimant prove that she is disabled. *See* 20 C.F.R. §§ 404.1512, 416.912; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 1999).  Corbitt must have shown disability as of December 31, 1995 to receive benefits.  The scant record of medical assistance during 1995 does not support a finding of disability during 1995.  Corbitt insists mental impairments prevented her from performing substantial gainful activity from May of 1990 through 1995, and suggests she is being penalized for not filing a disability application sooner.  Although the ALJ could only assess her claim of disability as submitted with an alleged onset date of January 1, 1995, he recognized during the administrative hearing that a key issue would be documentation of disability over ten years prior.  *See Cullen v. Astrue*, 480 F.Supp.2d 1258 (D. Kan. 2007) (approving ALJ consideration of records limited to the relevant time period for plaintiff's disability benefits application).  The ALJ also emphasized his review of medical records after December 31, 1995, to "determine whether any relation back is warranted."[10]  The relation back approach did not prove fruitful, and the ALJ concluded Corbitt had simply failed to establish disability as of her date last insured.

---

[9]R. at 18.

[10]R. at 18.

5

The ALJ's determination on the issue of impairment during the relevant time period is supported by substantial evidence, and this court finds no error in the ALJ's decision.

### 2.   The ALJ properly evaluated the treating psychiatrist's opinion.

Corbitt argues the ALJ failed to properly evaluate the opinion of her treating psychiatrist, Dr. Arie den Breeijen.[11]   The Commissioner responded Dr. Breeijen's opinion was correctly evaluated, as it was not supported by clinical or diagnostic data from the entire period it purported to cover.

On February 23, 2005, Dr. Breeijen opined Corbitt had been unable to work since June, 1990, due to symptoms from Hepatitis C and severe depression.[12]   The ALJ explained he gave Dr. Breeijen's opinion no weight because the opinion cited hepatitis as a cause of Corbitt's disability since 1990.[13]   The ALJ found the opinion unreliable and unsupported because Corbitt  was not diagnosed with that disease until 2000, and Dr. Breeijen did not know of the condition until 2002.[14]   The ALJ's review of Dr. Breeijen's notes for the time between onset date and date last insured did not support a finding of severe impairment, as the records showed "no hospitalizations, <u>one</u> treatment session, no formal diagnosis, and no limitations identified or suggested."[15]

---

[11]Pl. Br. at 13.

[12]R. at 180.

[13]R. at 18.

[14]R. at 18.

[15]R. at 18.

A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004), citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" is present where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241, citing *Lewis.* When assessing medical evidence, an "ALJ [is] required to state with particularity the weight [given] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir.1987) (per curiam). Social security regulations require an ALJ evaluating medical opinion evidence to consider a variety of factors, including the examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question. *See* 20 C.F.R. § 404.1527(d)(1)-(6). "The weighing of evidence is a function of the factfinder, not of the district court. The question is not whether substantial evidence supports a finding made by the district court but whether substantial evidence supports a finding made by the Secretary." *Graham v. Bowen,* 790 F.2d 1572, 1575 (11th Cir. 1986).

The ALJ rejected Dr. Breeijen's evaluation by first discounting his reference to hepatitis as grounds for disability as early as 1990, despite the absence of a diagnosis until 2000, and his learning of it in 2002. The review of Dr. Breeijen's treatment notes for the relevant time period also failed to support his opinion of continuous disability since 1990 - there was no information regarding hepatitis at that time, and the psychiatrist's report of

Corbitt's severe depression was unaccompanied by any evidence of hospitalization, diagnosis, or limitations.  Hence, Dr. Breeijen's opinion was not supported by his records. *Phillips* at 1240.  As the opinion was one not supported by objective medical findings, or detailing any physical problems as could be expected in a medical report, it was "conclusory," and properly discounted by the ALJ. *Id.*  Further, Dr. Breeijen opined Corbitt was "permanently disabled for gainful employment."[16]  The likelihood Corbitt might work in the future constitutes a legal conclusion by the physician, as opposed to an objective medical finding to be weighed in a disability determination. *Lewis,* 125 F.3d. at 1440.

The court finds the ALJ did not err in his treatment of Dr. Breeijen's opinion regarding Corbitt's inability to engage in gainful employment, and substantial evidence in the record supported the decision.

### 3.    Social Security Ruling 83-20 is not applicable to Corbitt's case

Corbitt's final issue argues the ALJ committed reversible error by failing to seek the expertise of a medical expert to determine the onset date of her physical and mental impairments.[17]  SSR 83-20 directs how an ALJ should determine the onset date of a claimant's disability.  The Commissioner argues the ALJ did not err because he did not find Corbitt was impaired by any disability during the time period relevant to her application, and the ruling does not apply.

The court agrees with the Commissioner on this issue.  Corbitt did not establish she

---

[16]R. at 180.

[17]Pl. Br. at 15.

8

was under any severe impairment from January 1 through December 31, 1995.  Thus, there is no onset date of disability for purposes of the time period in the application, and the guidelines set forth in the ruling would have been irrelevant to the ALJ's task.  The ALJ did not err by failing to consult and follow the ruling.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 23rd  day of August, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE